My name is Michael Archibron as mentioned and I'm here the attorney representing mr. Mario Avila Briefly into the facts mr. Avila was arrested in March 2012 for assault and making threats communicating threats Pursuant to an investigation regarding his background it was determined that he had been deported previously That deportation was pursuant to being convicted in California That when the prior convictions in California involved what is? in violation of California Penal Code 459 and 460 California described that as a burglary and Violation occur would occur when someone would actually go into an into a building inhabited or a business and I'm summarizing with the intent In order to commit a grand theft or petty theft or any felony and that would make them guilty of burglary If it was a dwelling then in this case mr. Avila's case it was It would be a violation of 460 as well They just simply turned the 459 into a first-degree Offense because the building that was entered was well Initially whenever he was being sentenced and he was looking at a 16 level increase What a 16 level increase under the guidelines? to L 1.2 Of be of re-entering illegally Pursuant to committing an aggravated felony of burglary. I objected to that I'm Benoist to me at the same based upon the fact. It wasn't a burglary it that statute 459 Did not meet the definition of a generic burglary What was it? 459 460 or 60 well if I may it was for it apparently is 459 But is it goes to 40 but ultimately 460 because it was a dwelling in other words 459 says in California It was a precinct investigation report the PSR says that yes, sir That he was a burglary of a dwell Ultimately, yes, sir Way ahead and that's fine. There was some confusion at first They considered it was a armed robbery because the conviction was so far so long ago That was correct that we've had I think up to six PSRs in this case because of all the different amendments and we discovered before sentencing that everybody agrees, this is a Line of categorical approach here. Yes, your honor. No issue about the modified categorical approach. No, you're and that's we're getting at the, California, Berkeley Statute and decide whether it's an aggravated felony Correct. Exactly That was my objection under when the first came out of 16 level increase You could not apply a modified categorical approach. You had to look at this the elements and Our position was the missing element with a burglary generic burglary. You have to have and Basically breaking or entering into a building with the intent to commit offense therein. So here what? To get the enhancement that he got it had to be a crime of violence, which has to Well one option there is there has to be a substantial risk the physical force was used or an eight level increase right, I thought that the Burglary in California I'm sorry. I misunderstood. I said I thought the California courts had specifically used that language or language almost identical to what appears in the sentencing guidelines to describe Well, if I understand the question correctly the California burglary does have a missing element of the breaking or the unlawful entry Well, that's for that's that would fit under a generic version of right right Right now we're going under the alternate version and the guidelines well the court in the camps and that's and that's where I hinge everything because it just came out and that changed everything in our sentencing and As as your honor, you just pointed out. Yes, sir The question then comes up. Well, what about this residual clause? Mr. This residual clause is a different residual clause, correct? You as opposed to what was found in what was the case and when used in day camp and the one in front of us Different residuals different statute or different guidelines, isn't it? Our position would be it's not it's more 16. That one has Yes, sir, or on career criminal. It's great under 924 e. Yes, sir So here we're we're here for eight and there's a lower or a different standard for that right under 18 USC Substation 16. This is an armed career criminal. No, sir in this re-entry Yes, sir Yes, sir, which is defined as a crime of violence under the guideline right under 18 well and that and their crime of violence definition Ends up with the residual clause. Yes, sir. It's a different residual clause, isn't it? Isn't it the residual clause under the re-entry guidelines not under armed career criminal guidelines, right? And had the fourth circuit said the law as to armed career doesn't apply to this Well that the camps being again two camps The camp wasn't this provision was it? No Our position would be is it's the same it's not the same statute not the same ones 924 e Do you think the camps controls this? Yes, sir, but they specifically said in a footnote they the spring quarter for Justice Kagan said we aren't addressing This offense today, right? Okay It has not been addressed and that's when I did the brief Obviously, I couldn't find anything and there's nothing to my knowledge subsequent to that But a drawing the analogy is what I can say is that the residual clause as I understand it for a crime of violence for this Enhancement is an offense that invites nature involves a substantial risk the physical force against person or property may be used while you're committing the offense and there are California Supreme Court decisions that say Burglary involves quote Danger that the intruder will harm the occupants in attempting to perpetrate the intended crime or to escape as well as danger that the Occupants will in anger or panic react to the invasion inviting more about more violence Doesn't that definition from the California Supreme Court fit? Handing glove under the definition and the guidelines or federal application is contrary to the camps In California and but I thought you just told us that this definition that we're using for this case for this lower Sensing enhancement is not the one that was involved in the camps. It's not a burglary. First of all California looks as a burglary The problem is it's not a burglary because it's got a missing element The missing element isn't whoever breaks into a building is guilty of a brother. We're not looking at as a generic I know but you have to look at whether it's bigger or not. Our position is, California section 459 it's not a burglary it's kind of the flip side of the Taylor case where the Supreme Court said we don't care what you call the statute if the elements contained in generic burglary Fit it's a burglary whether you call it a break-in entering or you call it a burglary The camps is the flip side of that They're saying our position is we don't care if you called a burglary if it doesn't meet doesn't have the elements of generic burglary It's not a burglary, but that that's in they camp. I just can't put my hands on the case Doesn't that deal with what a burglary is? Exactly. Does it does it deal with the residual clause? Well the problem that deal with the top question not the bottom question both because the missing element is not The lack of intent or the lack of being in a building the missing element is forceful entry Camps burglary was a common-law burglary, which was a break-in and entering Isn't that right? Well, it was it was burglary. It wasn't a statutorily defined, but it's a breaking it It was a breaking and entering it does not require that burglary, but this one doesn't that's what you're getting at Yes, sir. This is an entry without breaking you're saying Right the 459 does not require a break, but I think are you sure you have you sure you're right on day camp You said they camp applies to the residual clause as well. No, sir. Oh, yes, it does I mean, there's a residual clause in 924 e did this did the Supreme Court say that they were reasoning in day camp? Applied to the residual calls that they consider the residual clause and they can't they did I would say they did because they referred to the crime as being a almost like a shoplifting why don't you say the footnote number six in that decision and they can't which says the government has forfeited an Alternative argument that 459 qualifies as a predicate of ants under a CC a residual clause The Supreme Court said that's not even being argued in this case. I think I can't speak for the government I can probably well I can speak but I can't speak of Supreme Court, right? Our position would be if they had a bargain. No, no, no, no, no, no, no, no, no They forfeited that in other words the courts not going to consider that What the court in day camp I don't say a day camp applies because they camp is to the top of what is a burglary It does not involve the residual residual clause Supreme Court says that Absolutely clearly and then in their four circuit law that says even if we were to look at day camp We don't consider it because we don't consider under the re-entry guidelines here in the four circuit we don't consider the AC CA and and career criminal Well, if you don't have then the four circuit say that You know, I'm not familiar with that your honor. I'm you don't you see me? I'm not familiar with that. I understand there may not If I make that this is a pericio sore case, okay, and it says I'm just gonna read it to you and it says This the good organ also fails the government's argument for a simple reason Wardrick and Jenkins involved different clauses of different sentencing provisions both cases involved the residual clause Which categorized prior state offenses as federal sentencing predicates if they criminalize quote Conduct that presents a serious potential risk of physical injury to another This language appears in the armed career criminal act and the career offender guidelines But it is not in the re-entry guideline. That is why Wardrick and Jenkins are irrelevant to this case The court and if that's the way it stands still without the break without the forced entry you don't have a crime of violence and Even under the 18 USC, which I think 16 opposite what it's clear that what he was convicted of didn't require a forced entry, right? So there yes, sir. Yes, sir For me, how do we know that? Because 459 just says just see who enters into the building is guilty and just hanging was picked at 460 Well, that's just a dwelling. It didn't add the element to be a first-degree burglary under 460 It didn't add the additional element of breaking entering it just simply said it's a dwelling Then it becomes a Higher degree that does nothing to save the California 9. This is entering, right? Yes, sir. And this in 460 doesn't add that add breaking into it as either but then What did the indictment say? Of California indictment, we know oh, it was just simple possession of a firearm by we'll have a look at that Approach just a categorical approach. Yes, sir. We are we allowed to look at the California indictment? Yes, sir Yes, sir But but don't we look at what? California says about its own law to decide whether or not this fits in the reentry guideline Well, well not that but as the crime of violence under 16 any other offense that is a felony and that by its nature Involves us to a substantial risk that physical force against the personal property of another may be used No, sir, because they're looking at from a different standpoint. Well, you look at their way saying why don't we we don't we don't If he's convicted of a felony in California, would it you looked at the California law? Yes, sir Why would we look at and in that California law? It the final definition of that given to it by the Supreme Court in California. No, sir I think the final definition is by the US Supreme Court and the camps who said it is not a crime of violence Categorically, it's not a burglary. Yeah, California's calling it a burglary and it's not but I mean the Supreme Court said repeatedly that in terms of what? a state law means Under that state's law that's determined by the highest court of that state If it's they can call it a burglary, but when it comes like all right But they also said that entry into an inhabited structure is the most dangerous and most likely to cause personal injury Justifying assignment of the higher degree of burglary law, California case But so which they can do I mean they can call it anything and have higher degree But it's dangerous, but it can't be applied in the federal You think it has to be do you think that this rides on the definition of burglary as a Supreme Court in two camps? Yeah, but lying it as far as an aggravated felony. Yes, sir I know but they can't didn't look at the residual clause and a statute that's similar but doesn't control And that would in this case wouldn't rise or fall on that our position still would be The residual clause would not apply it no matter in this case because you don't have the requirement of a forced entry It cannot be considered in any shape or form as a burglary Say that whether there's a forced or injury not sudden dispose of it under the residual clause Well, they can say that but I don't think Right The only problem with them your honor is that they failed to in the statute to say that that it requires a forced entry I'm sorry. Oh if I may just and I don't I can't take more questions Our position summary is that the element missing is the forced entry and therefore? However, you shape it there is no it's not a crime of violence and therefore you're using a rebuttal time. Oh I don't know. Am I I'll let you I'm sorry. You are I would also make mention that I apologize and I lost track of my time then That the reason why this is important in mr. Avila's case also is because the second issue was under three five five three arguments that the court Committed procedural error and substantive error because whenever we made our arguments under three five five three a is mentioned in our our Statute, I mean our statement of facts about mr. Avila under his characteristics and his rehabilitative approach That he took rehabilitative efforts took classes in jail and The court did not address those when he sentenced him to 37 months. He simply said Regarding that he didn't think he was being deterred his history focused on his criminal history If the 8th level does not apply in this case that would make the district court sentence considerably higher a considerable variance beyond the guidelines Right. Yes, sir. And therefore that it would not withstand Thank you. I apologize What's the government's position on this the camps point Your honor William Miller on behalf of the United States the government's position on the camp is that it has no application in this case That's where you didn't brief it That footnote six that the court identified earlier. It makes it explicitly clear that you didn't even mention it in your brief Did you I didn't mention they mentioned it in their brief and you didn't even come back on That's what we spend up spending our time here on and perhaps I should it's a Supreme Court case on on the Almost the same statute in California involving burglary It's a case of dressing. I mean, I'm interested in how it can be distinguished. It can be distinguished because it's a case addressing When you get to look at Shepherd approved documents for the purpose of determining whether or not the crime is generic burglary Which is the first part of the definition the case has nothing to say about our Question which is whether or not it qualifies under the residual clause We're not here are we concede the California burglary is not generic burglary the proper inquiry Under the residual clause though is whether in the ordinary case and this comes straight from James The proper inquiry is whether the conduct encompassed by the elements of the fence in the ordinary case Presents a serious potential risk of injury to another and that's just does this California conviction he has Require a forced entry. No, sir, and that's why it's not generic burglary, but but he says The defendant's attorney says since it doesn't require forced entry That takes it out. I've been a crime of violence. No You don't agree with that. No, sir my response to that makes the crime of violence my response to that is that in the ordinary case a violation of The residential burglary statute because it does require the element of a dwelling would present Similar risks to generic burglary. I would draw the court's attention to the James case I'll say go already go in the house inhabited house without breaking, but there's danger still there Yes, your honor in James, which was about attempted burglary Yes, sir, that's right judge AG and that was a California Supreme Court. They told us what the risks associated with their usual burglary Situation were and you know, your honor is summarized those a moment ago, but they are identical to the risks So we rely on what the California court said and say it's It's a crime of violence under 16 B of title 18 Correct. Yes, your honor makes it a crime of violence under the guidelines It makes it a crime of violence for purposes of that eight level enhance and which makes it an aggravated felon. Yes, your honor and The illegal re-entry guidelines are a little funny because they have two different crime of violence Definitions of crimes of violence are in the federal code far too many. I mean far too many I agree with that and there's a number aggravated felonies or that that term stoned around a lot, right? There's two just in a legal entry and as mr Archambron summarized the 16 level enhancement has a crime of violence that vision where there's no residual Enhancements what the Supreme Court dealt with and the camp they were dealing with the armed career criminal act But it functions the same way as the crime of violence definition here for the 16 level You think the camps being worth a footnote or two? And I apologize. They're not drawn this earlier, right? Long opinions about the California burglary stuff It's just clearly based. Excuse me, your honor. It's clearly based on that footnote Just not applicable here that the did you think it was so obvious nobody would even Fathom that it would be I certainly wish now that I had cited the camps your honor But it is clearly it is clearly Doesn't guide our analysis in this case Which is to look at the ordinary case and determine what the risks are and as the California Supreme Court has said they are the same risks as Generic burglary and that's the conclusion that's been really questioned Here that the categorical approach applies everybody agrees with that right? It's not the category and under the categorical approach We have to look at what the out the statute the elements of the offense. Yes, your honor You look at the risks and there's no disagreement as to what the statute says or what the elements of the offense are That's right. Is there any is the indictment from California in here? Do we know what he was charged with or allowed to look at that the indictment doesn't come into the analysis here There's no dispute. There's the indictment in the record. Let me ask you that part. No, your honor So we don't know what the indictment says So but if it were here would be would we be allowed to look at it under the categorical approach? It would not we would not be able to and that's what we just look at the fact. He was convicted of First degree Cal first degree, California burglary. Look at the statute. Look at the elements How does it measure up with 16 B? Exactly Well, well isn't the elements as the state has defined those elements? Yes, your honor I mean the language they use is the judicial gloss of the of the court, right? But the California Supreme because in it isn't it true that the state just for what it's worth as an aside The state Supreme Court other than some due process argument or something They can decide those hellos mean whatever they say they mean in in most days, isn't that correct? Yes, your honor and this court would but it's elements with that judicial gloss in other words and your argument is it is no Question under California law as defined by California that this falls within 16 B The Supreme Court of California has done our work for us which is to define the risk Maybe maybe they cited a camp which is to define the risk of a usual burglary Yeah, they had a California State Court the Supreme Court had a case since the camp if you know, I Don't know that they have I don't know that that would apply to their analysis Federal courts had this California burglary statute since the camp and I've looked for that and I haven't I haven't found any I will say That the four circuits that looked at this issue prior to the camp all came out the same way Which is to say that first-degree, California burglary qualifies under the residual clause Be it under the Armed Career Criminal Act or here and there 16 B And if there are no additional questions other than on my failure to cite the camp with respect to the first issue I'll just briefly touch on the second issue your honor and the standard there is whether or not This court can conduct a meaningful review As to the reasons for the sentence imposed and here the district court, although it was a brief summary It did show the basis for the court's decision to sentence at the high end of the guidelines and that was based on the history and characteristics of the defendant in this case, which as the district court summarized is a pattern of illegally reentry entering the country and committing violent crimes starting with Assault with a weapon Were you I don't I don't know were you the trial counsel in this case? I handled the sentencing your honor then I'm just wondering why you wouldn't suggest to the court Asked them to make a little more explicit a little more detail. You may be right this may be sufficient But if if it had been more articulated more precise Wouldn't that resolve this and almost make make it a non-appealable an issue not worthy of an appeal? I'm asking you and perhaps I should have your honor I do think in this case there is enough where the courts not left to speculate. I didn't ask you that I said wouldn't it have been better? Absolutely I mean why and why wouldn't a lawyer stand up a lawyer who's at risk for it not being enough just say your honor We appreciate what you've done, but we'd ask that you pronounce under the fact under the factors. What's wrong with that? There's nothing wrong with that and perhaps that would be the better practice Your honor it might it might help the parties Judicial system the the family members who are sitting out there and watching their family member being sentenced I'm not saying he that he didn't meet that the court here didn't meet the standard of law But it seems to me Judge King I've heard him say a couple times this week about it's important the appearance is important, too Maybe not to a legal Determination in other words we don't decide on appearance whether the law was followed or not But my gosh doesn't that just help everybody know what's going on and help the family members know that to them It's just not what's that person in that black robe sending You know our brother to jail for 30 years at least they may disagree But at least the judge can just tick off those things and by the way, let me say and I'm just wondering why The defense lawyer that's not the defense lawyers job to do that the defense lawyer does not have the job to say your honor How about make a little more clear? So your verdict your decision will stand up on appeal seems to me in the best interest of the public it might be Consideration for the government to take into account you agree with me a point well taken judge said I will just conclude by saying that in This case there is sufficient Discussions of the court can conduct that meaningful appellate review, but the prosecutors aren't fearful of the judge They don't seem to be yet when they come up here Let's separate that out of y'all fearful of district. I know you're fearful of a pellet Don't seem to be afraid of us Those boys a nice man, I think And typically he does go through all the all the particular arguments, but in this case your honor I think this is sufficient for appellate review. It satisfied the Carter standards Just let me say one other thing to you I mentioned them earlier when I was a district court judge if ever someone stood up and suggested your honor We think it might be more appropriate if he did X Y & Z I appreciated Them not let me make potentially an error And I thought it was good for the system to not make an error at that time Rather than have the Court of Appeals have to tell me to do it later. I just say what it's for Thank you judge said unless the court has any other questions. I'd ask that they affirm the judgment of the district court. Thank you mr. Miller Rockin broad Arjun wrong, I'm sorry I don't know if I've used up all my rebuttal time. Oh you have me with a rebuttal time you go right ahead Oh very good. I don't have much more to add again I think that the justice here have all figured out our position, and I think it couldn't be more opposite I would say as far as the California Supreme Court addressing Inherent dangers again before them was not whether a person is an aggravated has committed an aggravated felony or not Their standard was different. It wasn't the same issue before them I understand they were trying to defend why they have first-degree burglary and creates more of a punishment for someone who goes into a home But again our position is it doesn't really solve the problem with regard to James the Supreme Court case That was they were again reviewing a generic burglary where they're saying Understandably when someone when the law says they have to break in and the person's trying to break in that does create more of a chance For a conflict or the face-to-face encounter as California was pointing out when they refer to how to get around you can't get around these California cases so that say that this even though it's an entry without breaking. It's still dangerous I Would disagree. I don't think and I think again when DeKalb was reviewing judge Kagan She was saying it's like shoplifting the burglary is almost like a home shoplifting case if you would I Understand they were making the law and in order to try to punish people more who went into a home To steal and I understand that they're going out of the door. It's not covered by this statute For me stealing out of a store If you go if you shoplift out down at the mall That's not covered by this burglary statute just as Kagan the Supreme Court said it would be It would be covered under California. Well. I understand I understand yes, sir 460 it would not be but The bottom Well that's correct you are it is well if it's dwelling it was a rise of dwelling because that's what he's convicted of that's correct I don't know what kind it was we didn't and again. You don't use a modified approach anyway You just have to stick to what went down to their? Walmart and shoplifted in Los Angeles That doesn't seem to fit here Well the burglary part would it just wouldn't be the act the first degree burglary of the second degree burglary of a dwelling in Burglary Right but did not require a break in entering and the James case again every time this well California kept calling it an intrusion an invasion again I think when our Supreme Court reviewed that they're saying that's not required so They're perhaps looking at it in the light, but understandably a different reason looking in that light And that's our all-adult. What did you were you involved in this in the lower court? Yes, sir? I Did your court appointed up here Yes, we appreciate your Efforts behalf of thank you your client and the system. Thank you Thanks very much. You're welcome, sir. We'll adjourn court sign it I and go down and read counsel
judges: Robert B. King, Dennis W. Shedd, G. Steven Agee